FILED
CLERK, U.S. DISTRICT COURT

10-14-11

CENTRAL DISTRICT OF CALIFORNIA
BY: SB                    DEPUTY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: WESSON OIL MARKETING
AND SALES PRACTICES LITIGATION

MASTER
MDL No. 2291

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, lone defendant ConAgra Foods, Inc. (ConAgra) moves for coordinated or consolidated pretrial proceedings of six actions pending in two districts as listed on Schedule A.[1] Defendant seeks centralization in the Central District of California or, in the alternative, the District of Nebraska.

All responding plaintiffs support centralization, but disagree on the appropriate choice for transferee district. Plaintiffs in four actions now pending in the Central District of California have responded in support of centralization in Central District of California. Plaintiffs in the District of New Jersey action propose centralization in the District of New Jersey.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions contain similar allegations against ConAgra and share factual questions regarding the labeling and marketing of Wesson oils as "100% Natural" when the oils purportedly contain genetically modified plants or organisms. Little litigation activity has occurred in the actions, which were all filed within the past few months, and plaintiffs seek to represent overlapping classes of consumers. Centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. The moving defendant and plaintiffs in at least four actions support centralization in the Central District of California. In total, six of the seven actions are pending there, including four actions originally filed elsewhere and transferred with the joint support of the parties. Centralization in this

---

[*] Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1] The defendant notified the Panel of a related action filed in the Northern District of California; that action has been transferred to the Central District of California

I hereby attest and certify on 10-14-11
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

- 2 -

district also permits the Panel to assign the litigation to an experienced transferee judge whose current multidistrict litigation consists of only two actions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Margaret M. Morrow for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        Frank C. Damrell, Jr.
Barbara S. Jones         Paul J. Barbadoro
Marjorie O. Rendell

IN RE: WESSON OIL MARKETING
AND SALES PRACTICES LITIGATION                    MDL No. 2291

## SCHEDULE A

### Central District of California

Robert Briseno v. ConAgra Foods, Inc., C.A. No. 2:11-05379 -- MMM (AGRx)
Christi Toomer v. ConAgra Foods, Inc., C.A. No. 2:11-06127
Kelly McFadden v. ConAgra Foods, Inc., C.A. No. 2:11-06402
Janeth Ruiz v. ConAgra Foods, Inc., C.A. No. 2:11-06480
Brenda Krein v. ConAgra Foods, Inc., C. A. No. 2:11-07097

### District of New Jersey

Phyllis Scarpelli, et al. v. ConAgra Foods, Inc., C.A. No. 2:11-04038